**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GEICO Indemnity Company, et al., | No. CV-23-00187-TUC-JCH |
| Plaintiffs, | **ORDER AND JUDGMENT FOR PLAINTIFFS** |
| v. | |
| M.M., et al., | |
| Defendants. | |

Plaintiffs GEICO Indemnity Company and GEICO Casualty Company (collectively "GEICO") have filed an Application for Default Judgment against Defendants M.M. and R.S. Doc. 18. Defendants did not file a response to the Application for Default Judgment. On GEICO's request, the Court set a hearing under Fed. R. Civ. P. 55(b)(2), (*see* Doc. 18 at 1; Doc. 23), on July 17, 2023. *GEICO Indemnity Company et al v. M.M. et al.*, 4:23-CV-00187-TUC-JCH (D. Ariz. July 17, 2023). Defendant M.M., through counsel, appeared at the hearing and indicated that he would not challenge the Application. *See id.* For the reasons stated below, default judgment is appropriate.

**I.    Background**

GEICO seeks a declaratory judgment that two insurance policies[1] it issued do not provide a duty to defend or indemnify against claims and damages sought against Defendant M.M. in an action currently pending in state court, Case No. C20224705 (Pima Cnty. Super. Ct. Date). Complaint, Doc. 1 ("Compl."). The state court action asserts

---

[1] Defendant-Insured M.M. has two relevant insurance policies with GEICO: (1) an Arizona Family Automobile Insurance Policy, policy number xxxx-xx-65-80 (the "Auto Policy") issued by GEICO Casualty Company; and (2) an Arizona Motorcycle Insurance Policy, policy number xxxx-xx-71-61 (the "Motorcycle Policy") issued by GEICO Indemnity Company. Compl. ¶¶ 18–20.

negligence claims based on allegations that M.M. caused R.S. to contract a sexually transmitted disease. Compl. ¶ 10. The negligence action further asserts that M.M. and R.S. had consensual unprotected sexual intercourse in M.M.'s home and vehicle, among other locations. Compl. ¶14. On March 20, 2023, M.M. submitted a claim to GEICO seeking third-party bodily injury coverage for the injuries alleged by R.S. Compl. ¶ 31. GEICO contends that R.S.'s alleged injuries do not arise from the "ownership, maintenance, or use of a vehicle" under Arizona law and thus, coverage is precluded under the two insurance policies. Compl. at ¶¶ 34–45.

GEICO filed their Complaint on April 20, 2023. *See* Compl. Plaintiffs effected timely service on both Defendants. Docs. 12, 14. Neither M.M. nor R.S. answered or otherwise defended against GEICO's claims. The Clerk of the Court entered default against each Defendant on June 6, 2023. Docs. 16, 17.

**II.     Jurisdiction**

Courts have an affirmative duty to determine their jurisdiction over the parties and subject matter when a default judgment is sought against a non-appearing party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Defendants M.M. and R.S. reside in, and are citizens of, Arizona. Compl. ¶ 8. This action arises from an incident or incidents occurring in Arizona and implicating an Arizona Family Automobile Insurance Policy and an Arizona Motorcycle Insurance Policy. Compl. ¶¶ 19, 20. The record establishes that both Defendants were served with the Complaint. Docs. 12, 14. The Court is satisfied that it has personal jurisdiction over both Defendants.

As to subject matter, the parties are diverse as Plaintiffs are foreign insurance companies organized and existing under the laws of Nebraska, with their principal place of business in Maryland, (Compl. ¶ 4), and both Defendants are citizens of Arizona (Compl. ¶ 8). The Court concludes the amount in controversy has been met. The insurance policies at issue, covers a period spanning between September 16, 2021, and September 16, 2022, have a combined $200,000 limit for bodily injury. Doc. 1-2 at 38, 63. *See also* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States"). GEICO asserts, for purposes of diversity jurisdiction, that the amount in controversy exceeds $75,000. Compl. ¶ 7 ("There is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.") As such, the Court has subject matter jurisdiction over the instant action.

### III.   Default Judgment Standard

District courts have discretion to enter a default judgment under Rule 55(b). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Relevant factors the Court must consider include: (1) the possible prejudice to plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual disputes; (6) whether default is due to excusable neglect; and (7) the policy favoring deciding cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In evaluating the complaint's merits and sufficiency, the Court must accept as true the complaint's factual allegations, except those pertaining to damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### IV.   Analysis

#### A. The First, Fifth, Sixth, and Seventh *Eitel* Factors

The first, fifth, sixth, and seventh factors weigh in favor of default judgment cases where the defendants have not participated in the litigation. *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3–4 (D. Ariz. Mar. 27, 2020) ("In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed."). Here, the first, fifth, sixth, and seventh factors support default judgment.

The first factor, which considers the possibility of prejudice to the plaintiff, weighs in GEICO's favor because it has no recourse absent a default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth factor considers the possibility of factual disputes. GEICO's Complaint

seeks a declaratory resolution of a legal question that does not depend on resolving disputed facts. *See* Doc. 18 at 7. This factor also weighs in GEICO's favor.

The sixth factor considers whether default was due to excusable neglect. GEICO properly served both Defendants in this action. Docs. 12, 14. Thus, Defendants' failure to answer and the resulting default likely did not result from excusable neglect. As such, this factor supports default judgment.

Lastly, the seventh factor—which considers the policy favoring decisions on the merits—would typically weigh against an entry of default judgment. *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Because the Court is compelled to accept the truth of GEICO's factual allegations, and five other *Eitel* factors favor default judgment, this final factor is neutral.

### B. Second and Third *Eitel* Factors

The second and third *Eitel* factors consider the claim's merits and the Complaint's sufficiency. *Eitel*, 782 F.2d at 1471. Courts frequently consider these to be the two most important factors. *Zekelman Indus. Inc.*, 2020 WL 1495210, at *5. The second and third factors are generally thought to require the plaintiff to state a claim. *PepsiCo*, 238 F. Supp. 2d at 1175.

GEICO seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Compl. ¶¶ 1–2. The Act provides that in a case of actual controversy within its jurisdiction, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The merits of GEICO's Complaint are clear and not reasonably subject to dispute. Here, the Auto Policy covers bodily injuries arising "out of the ownership, maintenance or use of the owned auto or a non-owned auto." Compl. ¶ 35. Similarly, the Motorcycle Policy covers bodily injuries "arising out of the ownership, maintenance or use of an owned vehicle or a non-owned vehicle." Compl. ¶ 36.

Arizona law construes the phrase "arising out of the ownership, maintenance or use" of a motor vehicle to require "a causal relationship between the injury and ownership, maintenance or use of the car." *Love v. Farmers Ins. Group*, 121 Ariz. 71, 74 (App. 1978). Generally, coverage exists only when the vehicle's use is related to its intrinsic nature "as a means of transport." *Benevides v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 184 Ariz. 610, 613 (App. 1995). The requisite connection can also exist in cases that involve injury caused by other uses of a vehicle, such as to carry cargo, that do not directly involve driving. S*ee Morari v. Atl. Mut. Fire Ins. Co.*, 105 Ariz. 537, 540, 468 P.2d 564, 567 (1970) (gunshot wound caused by negligent removal of loaded gun from truck's cargo); *Farmers Ins. Co. of Ariz. v. Till*, 170 Ariz. 429, 432, 825 P.2d 954, 957 (App. 1991) (failure to secure window separating truck from camper resulted in dog attacking passenger). Conversely, an injury does not necessarily arise out of the use of a vehicle simply because it occurs inside the vehicle or at the hands of someone using a vehicle. *See Ruiz v. Farmers Ins. Co. of Ariz.*, 177 Ariz. 101, 103–04 (1993) (holding that injuries sustained in a car-to-car shooting did not arise out of the use of a vehicle where passenger needed to show that the uninsured vehicle caused and produced her injury, not that it merely facilitated her injury).

Here, R.S.'s injuries did not arise out of the operation or use of the motor vehicle or motorcycle. That a vehicle was the location of some of the alleged sexual conduct underlying the alleged injuries does not render it the cause of her injuries. *See Benevides*, 184 Ariz. at 618 ("No causal link exists when the car is merely the situs of the accident."). *See also Rule v. Allstate Fire & Cas. Ins. Co.*, No. 2 CA-CV 2016-0161, 2017 WL 3529108, at *2 (Ariz. Ct. App. Aug. 17, 2017) (collecting Arizona cases demonstrating that an injury does not necessarily arise out of the use of a vehicle simply because it occurs inside the vehicle or at the hands of someone using a vehicle). Thus, the second and third factors favor default judgment.

///

///

///

### C. Fourth *Eitel* Factor

The amount in controversy factor weighs neutral. Where the underlying claim is for declaratory relief, some courts have found that this factor weighs favorably for granting default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177. If the declaratory relief sought implicates the parties and merits of a separate action, however, courts have considered the amount at stake in that separate action while weighing the *Eitel* factors. *See Helwan Cement S.A.E. v. Tahaya Misr Inv., Inc.*, No. 2:17-cv-00543-CAS (AFMx), 2017 WL 2468775, at *5 (C.D. Cal. June 5, 2017) (concluding that this factor weighs against default judgment where an insurance company sought a declaration that it had no duty to defend separate actions for, cumulatively, $925 million).

Here, GEICO alleges, for purposes of diversity jurisdiction, that the amount in controversy exceeds $75,000. *See* Compl. ¶ 7. GEICO has not, however, provided specific information from which the Court can discern the amount of money at stake in the state court action. *See* Compl. ¶ 17 ("R.S. asserts that her alleged damages qualify the State Court Case for 'Tier 3' under A.R.C.P. Rule 26.2(c)(3), meaning she seeks $300,000 or more in damages."). The Court concludes that the fourth *Eitel* factor is neutral.

### D. Conclusion

Five *Eitel* factors support entering default judgment and two are neutral. The Court grants GEICO's application and enters default judgment.

## V. Proceeding Anonymously

The Court considers whether to permit Defendants to proceed anonymously. The presumption in litigation, which is related to the public's right to open courts and the right of private individuals to confront their accusers, is that parties must use their real names. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). The court may permit a party to proceed anonymously, however, when special circumstances justify secrecy, such as, "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). *Advanced Textile* offers three situations where a

fictitious name is appropriate: (1) when the party's identification creates a risk of retaliatory physical or mental harm; (2) when a pseudonym is necessary to preserve privacy in a highly sensitive matter; and (3) when a party may, during litigation, be compelled to admit intent to engage in illegal activity. *Id.* at 1068. To proceed under a pseudonym, the party's need for anonymity must outweigh prejudice to the opposing party as well as the public's interest in knowing the party's identity. *Id.* at 1067.

This case involves a highly sensitive matter under the second scenario described in *Advanced Textile*, specifically, an alleged STD transmission between two consenting adults who had unprotected sex. *See Doe v. Mozer*, No. 216CV00210KJDVCF, 2016 WL 3536857, at *1 (D. Nev. June 27, 2016) (finding use of a fictitious name warranted where plaintiff's sexual health and details of his transmission of a sexually transmitted disease constituted a highly sensitive matter). Moreover, there is no prejudice to GEICO. The Court has previously granted GEICO's *ex parte* requests to file a copy of the Complaint, and certain Exhibits, under seal with GEICO citing the personal and sensitive nature of the allegations. *See* Docs. 4, 19. GEICO has also lodged a proposed deanonymized default judgment. *See* Doc. 22. Although GEICO knows the Defendants' names it has continued to request leave to file documents using acronyms.

Lastly, any prejudice against the public's interest in knowing the Defendants' true names is also insignificant where the public is privy to the Court's legal conclusions. *See Advanced Textile Corp.,* 214 F.3d 1068, *citing Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (explaining party anonymity does not obstruct the public's view of the issues or the Court's performance in resolving them). As such, the Court will continue to use Defendants' acronyms.

///
///
///
///
///

**VI.     Order**

**IT IS ORDERED GRANTING** Plaintiffs' Application for Default Judgment Against Defendants M.M. and R.S. (Doc. 18). Default judgment is entered in favor of Plaintiffs and against Defendant Defendants M.M. and R.S. (collectively, "Defendants"). The Court hereby enters the following declaratory judgment in favor of GEICO and against Defendants:

1. GEICO has no duty to defend or indemnify M.M. with respect to the claims asserted against M.M. by R.S. in the Superior Court of the State of Arizona in and for the County of Pima, Case No. C20224705.[2]

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to terminate this action.

Dated this 18th day of July, 2023.

_____
Honorable John C. Hinderaker
United States District Judge

---

[2] Concurrent with this Order, the Court will file under seal a deanonymized judgment.